IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shawn Simpson,  Case No. 23-cv-01994

    Plaintiff,

  v.  **ORDER**

Commissioner of Social Security,

    Defendant.

This is an appeal from the denial of Social Security benefits. On October 12, 2023, Plaintiff Shawn Simpson filed a Complaint (Doc. 1) seeking review of Defendant's denial of his application for a Period of Disability and Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) beginning on August 1, 2010. (Tr. 164–71; Doc. 9, PgID. 951).

Pursuant to Northern District of Ohio Local Rule 72(b) (Automatic Reference) I referred the Complaint to Magistrate Judge Darrell A. Clay for issuance of a Report & Recommendation (R&R). (*See* Docket Entries, October 12, 2023). Judge Clay filed an R&R on August 6, 2024. (Doc. 12).

In the R&R, Judge Clay recommends that I affirm the ALJ's decision. The Magistrate Judge duly notified the parties of the deadline for filing objections.

On August 20, 2024, Plaintiff filed one Objection to the R&R. (Doc. 13). On August 29, 2024, Defendant responded. (Doc. 14).

On *de novo* review, *see* 28 U.S.C. § 636(b)(1), I find the R&R well-taken in all respects. *See* Fed. R. Civ. P. 72(b)(3). I overrule Plaintiff's objection, adopt the R&R as the Order of the Court, and affirm the Commissioner's decision.

## Background

I incorporate the procedural background discussed in the R&R, which I have reviewed and found to be accurate.

> Mr. Simpson filed for DIB and SSI in January 2020, alleging a disability onset date of August 1, 2010. (Tr. 164-71, 173). The claims were denied initially and on reconsideration. (Tr. 65-85). Mr. Simpson then requested a hearing before an Administrative Law Judge. (Tr. 115-16). Mr. Simpson (represented by counsel) and a vocational expert (VE) testified before the ALJ on January 11, 2021. (Tr. 41-62). On January 20, 2021, the ALJ determined Mr. Simpson was not disabled. (Tr. 23-40). After the Appeals Council denied Mr. Simpson's request for review, he appealed to this Court and the parties jointly stipulated to remand the case for further proceedings. (Tr. 1-7, 594-97).
>
> On August 25, 2022, the Appeals Council vacated its decision and remanded the case. (Tr. 610-12). It determined the ALJ did not adequately evaluate the medical opinion of Mr. Simpson's treating physician and ordered the ALJ give further consideration to his residual functional capacity (RFC) and evaluate the medical source opinion in accordance with 20 C.F.R. §§ 404.1520c and 416.920c. (Tr. 610-11). The ALJ held another hearing and, on January 13, 2023, issued a second unfavorable decision. (Tr. 511-35). The Appeals Council denied Mr. Simpson's request for review, making the second decision the final decision of the Commissioner. (Tr. 499- 502; see 20 C.F.R. §§ 404.984(b)(2) & 416.1484(b)(2)). Mr. Simpson timely filed this action on October 12, 2023. (ECF #1).

(Doc. 12, PgID. 984–85).

## Discussion

Northern District of Ohio Local Rule 72.3(b) states, regarding objections to an R&R: "Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b)… Such party … shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."

Plaintiff makes one objection to the R&R.

In it, he argues that the Magistrate Judge and the ALJ erred when they "both improperly relied upon the flawed testimony of the medical expert, Dr. John Kwok, who testified at Plaintiff's second

2

administrative hearing." (Doc. 13, PgID. 1006). He indicates that Dr. Kwok's testimony was flawed for three reasons.

He explains that first, Dr. Kwok did not review, nor was Dr. Kwok aware of, Dr. Megan Oberhauser's (who provided Plaintiff's treating source opinion) medical assessment statement or treatment notes. (*Id*. at PgID. 1007). Plaintiff argues that second, after cross-examination, Dr. Kwok changed his opinion regarding whether Plaintiff suffered from a hand impairment. (*Id*.). And finally, he argues that Dr. Kwok was incorrect in his opinion that there was insufficient evidence of radiculopathy. (*Id*.).

Defendant argues first that Plaintiff waived his objections regarding Dr. Kwok's testimony since he failed to raise this issue in his initial brief on the merits. (Doc. 14, PgID. 1010 (*see* Doc. 9)).

Defendant also argues that even if Plaintiff had not waived this argument, it has no merit. I agree.

I must affirm the ALJ's decision so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted).

The ALJ did not improperly rely on Dr. Kwok's opinions. As Defendant correctly states, the ALJ "specifically formulated the residual functional capacity to be considerably more restrictive than Dr. Kwok had suggested in his opinion." (Doc. 14, PgID. 1011).

The ALJ found, with respect to Dr. Kwok, that his testimony was "not fully persuasive." (Doc. 8, PgID. 557 (Tr. 523)). The ALJ described Dr. Kwok's opinions and testimony and noted

3

specifically where Dr. Kwok initially testified to one opinion regarding Claimant's residual functional capacity, and then testified to another after cross examination. In other words, the ALJ rejected portions of Dr. Kwok's opinion for the very reasons Plaintiff argues.

For example, the ALJ noted:

> Dr. Kwok initially testified that the claimant is limited to frequent overhead reaching, bilaterally, but has no limitations in lateral reaching, handling, fingering, feeling, pushing, or pulling with his upper extremities. Upon cross-examination by the claimant's representative, who directed the doctor's attention to positive Tinel's and Phalen's testing in the record (see 8F/11), Dr. Kwok added limitations of frequent fingering and feeling, bilaterally, to the above restrictions, due to carpal tunnel syndrome.

(*Id.*).

The ALJ also stated:

> Dr. Kwok further testified that he reviewed the opinion dated December 2020 [Dr. Megan Oberhauser, M.D.'s (Plaintiff's primary care provider)'s opinion] contained in the record at Exhibit 12F, which is discussed in more detail below. He noted that while that opinion may have been based upon other factors known to the author that are not reflected in the record, the evidence in the record at issue does not support those limitations. Upon cross-examination, he testified that the claimant's clinical findings are not consistent with compression of the spinal nerve root causing radiculopathy in the upper or lower extremities, and that the objective findings upon imaging studies of the claimant's spine were described in generally mild terms, including "mild" central canal stenosis, and a "shallow" disc protrusion "mildly" impressing the subarachnoid space (see 16F/10), which would be very unlikely to cause radiculopathy.

(*Id.*).

In sum, the plain language of the ALJ's decision demonstrates that he did not improperly rely on Dr. Kwok's opinion. The ALJ instead directly addressed the very issues Plaintiff raises regarding Dr. Kwok's testimony and came to different conclusions from Dr. Kwok.

In any event, Plaintiff waived his ability to raise this argument now since he did not raise it in his initial brief. *See Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver.").

I entirely agree with the Magistrate Judge's determination that I should uphold the Commissioner's decision.

Accordingly, I overrule Plaintiff's objection, adopt the R&R in full, and affirm the Commissioner's decision.

## Conclusion

It is, hereby ORDERED THAT:

1. Plaintiff's Objection to the Magistrate Judge's R&R (Doc. 13) be, and the same hereby is, overruled;

2. The Magistrate Judge's R&R (Doc. 12) be, and the same hereby is, adopted as an Order of this Court in a manner consistent with this Opinion; and

3. The Commissioner's final decision be, and the same hereby is, affirmed.

SO ORDERED.

Date: 10/17/2024

*/s/ James G. Carr*
Sr. U.S. District Judge